UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DANIEL L. BENDER,** | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:07CV536(TCM) |
| | ) |
| **MATTHEW J. LEWIS, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Daniel L. Bender for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages and injunctive against defendants Lewis and King. Liberally construing the complaint and the attached exhibits, it appears that defendant Lewis was plaintiff's roommate and landlord in Toledo, Ohio. It further appears that Lewis terminated plaintiff's tenancy and retained items of plaintiff's personal property. Plaintiff then relocated to St. Louis, Missouri. Plaintiff seeks damages and return of his property.

**Discussion**

Plaintiffs' complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Because the defendants are private, non-governmental actors, this Court has jurisdiction over plaintiff's claims only as provided in 28 U.S.C. § 1332 (diversity

jurisdiction). Plaintiff, however, has not alleged that the amount in controversy (e.g., the property) exceeds the sum or value of $75,000. See 28 U.S.C. § 1332(a). Furthermore, even if this Court had subject matter jurisdiction over plaintiff's claim, venue is proper where the defendants reside or the dispute occurred. See 28 U.S.C. § 1391(a). In this case, the proper venue is in Toledo, Ohio.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 22nd day of August, 2007.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**